IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALFRED PATTISON, | |
| Plaintiff, | |
| v. | Case No. 25-cv-01866-SPM |
| MS. RUSH, *et al.*, | |
| Defendants. | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Alfred Pattison, an inmate of the Illinois Department of Corrections, commenced this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Plaintiff alleges that after receiving cataract surgery on his left eye, he had to have a second corrective surgery in March 2025 after the lens had fallen out of position. (Doc. 1, p. 6). Following the second surgery, Plaintiff still cannot see from his left eye, and he suffers from equilibrium and balance issues. (*Id.*). He describes both surgeries as "botched." (*Id.*). Sometime around August 2025, the eye doctor at Pinckneyville Correctional Center gave Plaintiff an eyepatch and issued him low bunk and low gallery permits. (*Id.* at p. 6, 7). The eye doctor also designated Plaintiff as "single cell status." (*Id.* at p. 7). Despite the permits and single cell designation, Plaintiff has been placed in a cell that is only accessible by stairs, and Plaintiff is housed with another inmate. (*Id.*).

Upon review of the Complaint, the Court found that it appeared that Plaintiff had failed to fully exhaust his administrative remedies prior to filing this lawsuit. (Doc. 5). According to the Complaint, Plaintiff wrote emergency grievance #K59-0825-3563 about his medical permits not being honored, and the grievance was deemed an emergency by the chief administrative officer for expedited review. (Doc. 1, p. 4). Plaintiff writes in the Complaint that the grievance "was

affirmed" and sent to Springfield, Illinois, for further review, but that he had not received a response. (*Id.*). The Court observed that because Plaintiff was not issued the medical permits or receive a single cell designation until August 2025, and he signed his Complaint on October 1, 2025, it was unlikely that his grievance had fully made it through the grievance process at the time he initiated this lawsuit. (Doc. 5, p. 7-8). Plaintiff was directed to show cause why this case should not be dismissed for failure to exhaust his administrative remedies.

In his response to the Show Cause Order, Plaintiff states "As you should should be able to clearly see, that my Grievances are still in 2nd level review since August." (Doc. 6, p. 1). He attaches to his response a copy of a request sent to Grievance Officer Diane Skorch in which he asks for the status of Grievance #K59-0825-3739. (*Id.* at p. 5). He also includes the response to the request which states that Grievance #K59-0825-3739 "belongs to another individual in custody," and informs Plaintiff that Grievances #K59-0825-3563 and #K59-0825-3793 are both pending second level review. (*Id.* at p. 4).

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. Although it is generally appropriate to wait for a defendant to raise an affirmative defense, the Seventh Circuit has noted that "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). A plaintiff can plead himself out of

court, and if he includes allegations "that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted).

Here, it is obvious from the Complaint that Plaintiff has failed to comply with the PLRA and fully exhaust his administrative remedies prior to filing this lawsuit. Once a grievance is appealed to the Administrative Review Board (ARB) in Springfield, Illinois, the ARB makes a report of its findings and recommendations to the director, and the director has six months "after receipt of the appealed grievance, when reasonably feasible under the circumstances," to make a final determination. *See* 20 ILL. ADMIN. CODE 504.850. Plaintiff states that in the Complaint that he was still awaiting a final determination at the time he filed his case. (Doc. 1, p. 4). His response to the Show Cause Order confirms the fact that his grievances are still being processed. The Seventh Circuit takes a "strict compliance approach to exhaustion" and "as long as the administrative authority has the ability to take some action in response to the complaint," the inmate has not exhausted his administrative remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). By filing his lawsuit prior to receiving a final response from the ARB, Plaintiff has filed this case prematurely. *Griffin v. Auterson*, 547 F. App'x 785, 787 (7th Cir. 2013) (citing *Woodford v. Ngo*, 548 U.S. 81, 89-90 (2006)) ("Exhausting before suing allows the prison administrators a chance to remedy possible mistakes before court intervention and ensures that prisoners concentrate on the grievance process, not litigation."); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (even if prisoner eventually exhausts while suit is pending, court must dismiss his suit without prejudice).

Accordingly, this case is dismissed without prejudice for failure to exhaust his administrative remedies. Plaintiff may refile this lawsuit once he has fully exhausted.

**PENDING MOTIONS**

Plaintiff has filed a motion requesting the status of his motion for leave to proceed in forma

pauperis (IFP motion) and his request for a temporary restraining order and/or preliminary injunction that is contained in the Complaint. (Doc. 7). The motion is **GRANTED**. Plaintiff's IFP motion was granted on October 17, 2025, and his request for a temporary restraining order and/or preliminary injunction was denied on October 23, 2025. (Doc. 4, 5). Plaintiff incurred the obligation to pay the filing fee for this lawsuit at the time the Complaint was filed regardless of the outcome or merits of this case. The collection of a filing fee is mandated by federal statute, and payments shall continue until the $350 fee is satisfied. See *Christophel v. Husz,* No. 08-cv-935, 2009 WL 4544737, at *2 (E.D. Wis. Nov. 25, 2009) (citing 28 U.S.C. 1915(b)).

Plaintiff's motion to amend injunctive relief is **DENIED as moot,** as his Complaint and this entire case are dismissed for failure to exhaust. (Doc. 8).

### DISPOSITION

Plaintiff's Complaint (Doc. 1) and this entire care are **DISMISSED without prejudice** for failure to exhaust administrative remedies. The Clerk of Court is **DIRECTED** to enter judgment and to close this case.

**IT IS SO ORDERED.**

DATED:   December 4, 2025

                                                  *s/Stephen P. McGlynn*
                                                  **STEPHEN P. MCGLYNN**
                                                  **United States District Judge**